This is a suit brought for the reformation of certain mortgages, deeds and other documents relating to adjoining parcels of real estate, and is before the court on a motion to strike the bill.
In 1927, one Cmoch and his wife purchased certain lots in East Rutherford known as lots No. 16, 17 and 18. Soon thereafter Cmoch and his wife executed a mortgage on part of said tract to one Herman C. Rust and shortly thereafter executed another mortgage to Rust on the balance of the premises. Complainant purchased one of these mortgages and the defendants the other. In 1933, each of these mortgages was foreclosed and the complainant and the defendants respectively received sheriff's deeds to the premises described in their respective mortgages. The bill alleges that through mistake each of the mortgages was on the wrong portion of *Page 131 
the premises and that defendants therefore are entitled to the premises described in the mortgage which had been assigned to defendants. Complainant asks that the mistake be rectified and that a decree be entered directing an exchange of deeds so as to carry out the original intention and understanding of the parties.
On these allegations alone, it would seem that the motion to strike the bill should be granted since there is no allegation of any mutual mistake. If any mistake occurred in the execution of the mortgage later assigned to complainant, it was a mistake in which the mortgagors, the attorney, Mr. Rust, and complainant were involved and not one in which the defendants were involved, since they were not in anywise parties to the transaction and had no dealings with complainant. There was therefore no mutual mistake within the meaning of the decisions. Green v. Stone,54 N.J. Eq. 387; Giammares v. Allemania Fire Insurance Co.,91 N.J. Eq. 114; Klaas v. Boston Insurance Co., 103 N.J. Eq. 521.
The present situation, however, seems to differ from the ordinary suit for reformation of documents and quieting of title. It appears from the bill that both the complainant and the defendants assumed that each of them had a mortgage on the part of the premises mortgaged of record to the other. It is further alleged that upon the foreclosure of both mortgages in 1933, each of the parties took possession of and has been in possession ever since of the part of the premises to which record title was in the other, and that the true state of facts was not discovered until this year. If these allegations be substantiated, it seems to me that there may may be sufficient proof of estoppel or acquiescence on the part of the defendants to give rise to an equity entitling complainant to relief. While complainant may not be able to substantiate these allegations, I think they are sufficiently set forth in the bill to entitle complainant to a hearing on the merits on final hearing, and accordingly the decision on the motion to strike will be reserved until final hearing under chancery rule 69. *Page 132